**No. 24-3006**  September Term, 2023

1:22-cr-00200-APM-1

Filed On: March 14, 2024

United States of America,

    Appellee

  v.

Peter K. Navarro,

    Appellant

BEFORE: Millett, Pillard, and Wilkins, Circuit Judges

## O R D E R

Upon consideration of the motion for release pending appeal, the opposition thereto, and the reply, it is

**ORDERED** that the motion for release pending appeal be denied. Appellant has not shown that his appeal presents substantial questions of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence of imprisonment that is less than the amount of time already served plus the expected duration of the appeal process. See 18 U.S.C. § 3143(b)(1)(B).

First, appellant does not argue in his motion that this appeal presents a substantial question of fact regarding the district court's finding that executive privilege was *not* invoked in this matter by former President Trump or the sitting President, and he therefore has forfeited any such argument. See United States v. Wright, 923 F.3d 183, 191 (D.C. Cir. 2019).

Second, appellant's argument that the assertion of executive privilege is either presumptive or that the question is not one for the courts to decide does not present "a close question or one that very well could be decided the other way" because the argument presupposes that privilege has actually been invoked in this case in some manner by the President. That did not happen here. See United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (internal quotation marks omitted).

Third, even had privilege been properly invoked in this matter, appellant has forfeited any challenge to the district court's alternative conclusion that dismissal of the indictment still would not be required because executive privilege is a qualified privilege

that would be overcome by the imperative need for evidence.  See Trump v. Thompson, 20 F.4th 10, 26 (D.C. Cir. 2021).

Fourth, appellant's argument regarding Licavoli v. United States, 294 F.2d 207 (D.C. Cir. 1961), overreads United States v. Gaudin, 515 U.S. 506 (1995), which addressed the materiality element of a perjury offense—something not at issue here.  It also ignores the district court's finding that any executive privilege would have been overcome in this case, and so would not present an issue for the jury to consider.

Fifth, even if executive privilege were available to appellant, it would not excuse his complete noncompliance with the subpoena.  Appellant makes no claim of absolute testimonial immunity, nor could he.  A properly asserted claim of executive privilege would not have relieved him of the obligation to produce unprivileged documents and appear for his deposition to testify on unprivileged matters.  In fact, appellant has forfeited any challenge to the district court's ruling that he was obligated to appear and (i) to invoke any relevant privilege in person in response to specific questions, as well as (ii) to answer questions seeking information outside of the asserted privilege's scope.

Finally, appellant's argument that "the jury may conclude a defendant's state of mind gives rise to a constitutional contravention of the separation of powers doctrine," Mot. for Release at 26, does not give rise to a substantial question of law under controlling circuit or Supreme Court precedent.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:   /s/
Selena R. Gancasz
Deputy Clerk