No. 24-3006

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

UNITED STATES OF AMERICA,

*Appellee,*

v.

PETER K. NAVARRO,

*Appellant.*

---

On Appeal from the United States District Court
for the District of Columbia (No. 1:22-cr-00200-1)

---

**MOTION OF THE STATE OF OKLAHOMA AND TEN OTHER
STATES
FOR AN INVITATION TO FILE BRIEF AS AMICI CURIAE
IN SUPPORT OF APPELLANT'S PETITION FOR REHEARING
EN BANC**

Pursuant to Circuit Rule 40(f) and Federal Rule of Appellate

Procedure 29(b), the State of Oklahoma and the States of Alabama,

Florida, Iowa, Kansas, Missouri, Montana, Nebraska, South Carolina,

Texas, and West Virginia respectfully request that the Court invite the

filing of the accompanying brief of amici curiae in support of Appellant's

petition for rehearing en banc. The proposed brief is lodged with this

motion. Counsel for Appellant and counsel for the United States have both consented to the filing of the brief.

Under Circuit Rule 40(f), no amicus curiae brief in support of a petition for rehearing en banc will be received by the Clerk except by invitation of the Court. Amici States accordingly move for that invitation and, in support, state as follows.

1. Amici are sovereign States. Each vests its legislature with the power to compel testimony and the production of documents, and many enforce that power through criminal statutes that, like 2 U.S.C. § 192, punish witnesses who "willfully" defy that compulsion. *See, e.g.*, Okla. Stat. tit. 21, §§ 310–11. The panel's decision reaffirming *Licavoli v. United States*, 294 F.2d 207 (D.C. Cir. 1961), will accordingly influence more than federal prosecutions: Section 192 is the model for legislative-contempt statutes across the country, several States' statutes track it nearly verbatim, and courts construing those statutes draw on the federal decisions.

2. The proposed brief brings to the Court a perspective the parties cannot supply. Amici include States that have expressly enacted the rule *Licavoli* announced—that willfulness requires only an intentional act

and no intent to violate the law, *see, e.g.*, Okla. Stat. tit. 21, § 92—and States whose courts, having no codified definition, read "willfully" the way the Supreme Court's modern decisions read it, *see, e.g.*, *State v. Tippett*, 624 N.W.2d 176, 178 (Iowa 2001). The proposed brief explains, from the States' experience on both sides of that line, why the intentional-act-only reading of "willfully" is a choice that legislatures make expressly when they make it at all, and why a court should not attribute that choice to a legislature—as *Licavoli* attributed it to Congress—from silence. The brief does not repeat Appellant's arguments; it addresses the question presented from the distinct vantage of the sovereigns whose courts will look to this Court's construction of Section 192.

3. The proposed brief is desirable and relevant to the Court's consideration of the petition. *See* Fed. R. App. P. 29(a)(3)(B). Whether rehearing is warranted turns in part on the importance of the question presented beyond this case. Amici States' participation speaks directly to that consideration: it demonstrates that the mental-state element of Section 192 matters to jurisdictions beyond this Circuit and to witnesses beyond presidential advisers.

4. The proposed brief complies with the length limitation of Federal Rule of Appellate Procedure 29(b)(4), containing fewer than 2,600 words, and this motion is filed within the time prescribed by Federal Rule of Appellate Procedure 29(b)(5). No party's counsel authored the brief in whole or in part, and no person other than Amici States contributed money intended to fund its preparation or submission.

5. Amici States are aware of no basis on which their participation would result in the recusal of any member of the en banc court. *See* D.C. Cir. R. 40(f). Amici are governmental entities; no disclosure statement is required under Federal Rule of Appellate Procedure 26.1 or Circuit Rule 26.1.

For the foregoing reasons, Amici States respectfully request that the Court grant this motion, invite the filing of the lodged brief, and direct the Clerk to file it.

Dated: August 5, 2026.    Respectfully submitted,

/s/ Garry M. Gaskins, II
GENTNER F. DRUMMOND
  Attorney General of Oklahoma
GARRY M. GASKINS, II
  Solicitor General
  Counsel of Record
*Counsel for Amici Curiae*

4

## ADDITIONAL COUNSEL

STEVE MARSHALL
Attorney General
State of Alabama

AUSTIN KNUDSEN
Attorney General
State of Montana

JAMES UTHMEIER
Attorney General
State of Florida

MICHAEL T. HILGERS
Attorney General
State of Nebraska

BRENNA BIRD
Attorney General
State of Iowa

ALAN WILSON
Attorney General
State of South Carolina

KRIS KOBACH
Attorney General
State of Kansas

KEN PAXTON
Attorney General
State of Texas

CATHERINE L. HANAWAY
Attorney General
State of Missouri

JOHN B. MCCUSKEY
Attorney General
State of West Virginia

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 588 words. This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

/s/ Garry M. Gaskins, II
Garry M. Gaskins, II

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ Garry M. Gaskins, II
Garry M. Gaskins, II