No. 24-3006

## IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA,

*Appellee,*

v.

PETER K. NAVARRO,

*Appellant.*

On Appeal from the United States District Court
for the District of Columbia (No. 1:22-cr-00200-1)

## BRIEF OF THE STATE OF OKLAHOMA AND TEN OTHER STATES AS AMICI CURIAE IN SUPPORT OF APPELLANT'S PETITION FOR REHEARING EN BANC

GENTNER F. DRUMMOND
Attorney General of Oklahoma
GARRY M. GASKINS, II
Solicitor General
Counsel of Record
OFFICE OF THE ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
Garry.Gaskins@oag.ok.gov

*Counsel for Amicus Curiae State of Oklahoma*

STEVE MARSHALL
Attorney General
State of Alabama

AUSTIN KNUDSEN
Attorney General
State of Montana

JAMES UTHMEIER
Attorney General
State of Florida

MICHAEL T.
HILGERS
Attorney General
State of Nebraska

BRENNA BIRD
Attorney General
State of Iowa

ALAN WILSON
Attorney General
State of South Carolina

KRIS KOBACH
Attorney General
State of Kansas

KEN PAXTON
Attorney General
State of Texas

CATHERINE L. HANAWAY
Attorney General
State of Missouri

JOHN B. MCCUSKEY
Attorney General
State of West Virginia

ii

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), amici curiae certify as follows:

**(A) Parties and Amici.** The parties who appeared before the district court and this Court are the United States of America and Peter K. Navarro. Amici curiae before the panel were Heidi Kitrosser, et al. Amici curiae joining this brief are the State of Oklahoma and the States of Alabama, Florida, Iowa, Kansas, Missouri, Montana, Nebraska, South Carolina, Texas, and West Virginia.

**(B) Rulings Under Review.** The ruling under review in the petition for rehearing en banc is the opinion and judgment of the panel (Millett, J., joined by Pillard and Childs, JJ.) issued July 21, 2026, affirming the judgment of the United States District Court for the District of Columbia (Mehta, J.), No. 1:22-cr-00200-1.

**(C) Related Cases.** Amici are aware of *United States v. Bannon*, No. 22-3086 (D.C. Cir.), presenting a related question concerning the mental state required by 2 U.S.C. § 192, in which the Supreme Court granted certiorari, vacated this Court's judgment, and remanded on April 6, 2026.

# TABLE OF CONTENTS

INTEREST OF AMICI CURIAE ..........................................................1

INTRODUCTION AND SUMMARY OF ARGUMENT ......................3

ARGUMENT ......................................................................................5

    I. *Licavoli* Reads into Section 192 a Definition of "Willfully" That Congress Never Enacted....................................................5

        A. When a Legislature Intends "Willfully" to Require Only an Intentional Act, It Typically Says So Expressly...........5

        B. Congress Enacted No Definition in Section 192, and the Supreme Court's Modern Decisions Supply the Default. 7

        C. The Question Is Recurring and Remains Open in the Supreme Court....................................................................10

    II. The Structure of Legislative-Contempt Statutes Confirms That Criminal Liability Was Not Designed to Resolve Good-Faith Disputes over the Lawfulness of a Demand. ..............11

CONCLUSION................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*ASP, Inc. v. Cap. Bank & Tr. Co.*,
174 So. 2d 809 (La. Ct. App. 1965)..............................................2, 13

*Bannon v. United States*, 146 S. Ct. 2155 (2026) (mem.) ........................4

*Bryan v. United States*, 524 U.S. 184 (1998) ..............................3, 8, 9, 10

*Cheek v. United States*, 498 U.S. 192 (1991).................................................8

*Gormley v. N.Y. State Ethics Comm'n*, 900 N.E.2d 943 (N.Y. 2008)........9

*Licavoli v. United States*,
294 F.2d 207 (D.C. Cir. 1961)................................. 3, 5, 7, 8, 10, 11

*McGrain v. Daugherty*, 273 U.S. 135 (1927)..............................................1

*Miller v. State*, 130 P. 813 (Okla. Crim. App. 1913) ................................6

*O'Barr v. United States*, 105 P. 988 (Okla. Crim. App. 1909) .................6

*People v. Coe*, 522 N.E.2d 1039 (N.Y. 1988).............................................9

*People v. Lowery*, 257 P.3d 72 (Cal. 2011) ................................................5

*Quinn v. United States*, 349 U.S. 155 (1955)................................... 11, 12

*Ratzlaf v. United States*, 510 U.S. 135 (1994) ..........................................8

*Sinclair v. United States*, 279 U.S. 263 (1929) ........................................7

*Slagle v. Ohio*, 366 U.S. 259 (1961) ......................................................2, 12

*State v. Azneer*, 526 N.W.2d 298 (Iowa 1995)...........................................9

*State v. Hall*, 413 P.2d 685 (Idaho 1966) .................................................5

*State v. Newton*, 194 A.3d 272 (Conn. 2018)..............................................9

*State v. Tippett*, 624 N.W.2d 176 (Iowa 2001) ..........................................9

*Stenberg v. Carhart*, 530 U.S. 914 (2000) .................................................7

*Terry v. Drummond*, 2026 OK CR 10, ___ P.3d ___.............................3, 6

*Terry v. Drummond*, 2026 WL 2164884 (10th Cir. July 28, 2026)...........6

*Trump v. Mazars USA, LLP*, 591 U.S. 848 (2020) ...............................11

*United States v. Bannon*, 101 F.4th 16 (D.C. Cir. 2024) ........................10

*United States v. Bryan*, 339 U.S. 323 (1950) ........................................... 7

*United States v. Burden*, 934 F.3d 675 (D.C. Cir. 2019) ....................... 11

*Watkins v. United States*, 354 U.S. 178 (1957) ....................................... 11

## Constitutional Provisions, Statutes, and Rules

Okla. Const. art. II, § 25 .......................................................................... 12

2 U.S.C. § 192 ..................................................... 1, 2, 3, 4, 5, 7, 8, 11, 13

Cal. Penal Code § 7 ............................................................................... 3, 5

Colo. Rev. Stat. § 18-1-501 ....................................................................... 6

Conn. Gen. Stat. § 2-46 ............................................................................ 2

Idaho Code § 18-101 ................................................................................. 5

720 Ill. Comp. Stat. 5/4-3 ........................................................................ 6

720 Ill. Comp. Stat. 5/4-5 ........................................................................ 6

Kan. Stat. Ann. § 46-1014 ........................................................................ 2

La. Stat. Ann. § 24:4 ................................................................................. 2

Okla. R.L. 1910, § 2173 ............................................................................ 1

Okla. R.L. 1910, § 2819 ............................................................................ 5

Okla. Stat. tit. 21, § 92 ..................................................................... 2, 3, 5, 6

Okla. Stat. tit. 21, § 310 ............................................................................ 1

Okla. Stat. tit. 21, § 311 ........................................................................ 1, 12

Okla. Stat. tit. 21, § 567 .......................................................................... 12

18 Pa. Cons. Stat. § 302 ............................................................................ 6

Fed. R. App. P. 29 ..................................................................................... 1

Fed. R. App. P. 40 ................................................................................... 11

D.C. Cir. Rule 40 ...................................................................................... 1

## Other Authorities

Model Penal Code § 2.02 ........................................................................... 6

## GLOSSARY

| | |
|---|---|
| Section 192 | 2 U.S.C. § 192 (contempt of Congress) |
| Op. | Panel opinion of July 21, 2026, under review |
| Pet. | Appellant's petition for rehearing en banc |

## INTEREST OF AMICI CURIAE

Amici curiae are the State of Oklahoma and the States of Alabama, Florida, Iowa, Kansas, Missouri, Montana, Nebraska, South Carolina, Texas, and West Virginia. Pursuant to D.C. Circuit Rule 40(f) and Federal Rule of Appellate Procedure 29(b), amici States lodge this brief with an accompanying motion for an invitation to file it in support of appellant's petition for rehearing en banc. Both parties have consented to the filing of this brief.

The States have a direct interest in the question presented. State legislatures, like Congress, possess the power of inquiry, "with process to enforce it," *McGrain v. Daugherty*, 273 U.S. 135, 174 (1927), and many States enforce that power through criminal statutes that, like 2 U.S.C. § 192, punish witnesses who "willfully" defy that process. Oklahoma's statute, which has been on the books for more than a century, makes it a misdemeanor for a witness before either house of the Legislature or an authorized committee to "willfully refuse[]" to be sworn, to answer "any material and proper question," or to produce "any material and proper books, papers, or documents." Okla. Stat. tit. 21, § 311 (first codified at R.L. 1910, § 2173); *see also id.* § 310. Statutes like these are rarely

construed, and when they are, federal law is close at hand. Several States' statutes track Section 192 nearly verbatim. *See, e.g.*, Conn. Gen. Stat. § 2-46; La. Stat. Ann. § 24:4; Kan. Stat. Ann. § 46-1014. Louisiana's courts have described that State's provision as "the State's counterpart of the statutory contempt procedure provided by Congress in 2 U.S.C. § 192," construing it with the aid of the federal decisions. *ASP, Inc. v. Cap. Bank & Tr. Co.*, 174 So. 2d 809, 814–15 (La. Ct. App. 1965). And the Supreme Court has applied principles first developed under Section 192 to state legislative-contempt proceedings. *See Slagle v. Ohio*, 366 U.S. 259, 265–67 (1961). The panel's decision will therefore govern more than federal prosecutions. It will shape the law of the States as well.

The States also have an interest in the interpretive question at the heart of the petition. Several States, including Oklahoma, have enacted statutory definitions of "willfully" in their criminal codes. *See, e.g.*, Okla. Stat. tit. 21, § 92. Those definitions control because they were enacted. The panel's holding here blurs the line between a definition enacted by a legislature and one inserted by a court. The States have an interest in ensuring that courts honor that difference.

2

## INTRODUCTION AND SUMMARY OF ARGUMENT

The panel held that a defendant acts "willfully" under Section 192 whenever his failure to comply is deliberate and intentional, even if he believed in good faith that his default was lawful. Op. 33–35. The panel was bound to so hold by *Licavoli v. United States*, 294 F.2d 207 (D.C. Cir. 1961). Only the full Court can reconsider that decision, and it should.

Appellant explains why *Licavoli* conflicts with the Supreme Court's modern willfulness decisions. *See* Pet. 8–13; Opening Br. 43–47 (citing *Bryan v. United States*, 524 U.S. 184, 191–92 (1998)). Amici States write separately to make two points that only the States can make.

First, amici can speak to what a legislature does when it actually intends the rule *Licavoli* announced. It enacts that rule. Since 1910, Oklahoma law has provided by statute that "willfully" "implies simply a purpose or willingness to commit the act or the omission" and "does not require any intent to violate law." Okla. Stat. tit. 21, § 92. California and other States enacted the same definition, and those definitions continue to govern. *See, e.g.*, Cal. Penal Code § 7(b)(1); *Terry v. Drummond*, 2026 OK CR 10, ¶¶ 7, 15, ___ P.3d ___. But Congress enacted no definition of "willfully" in Section 192 or anywhere in Title 2. *Licavoli* nonetheless

construed the statute as though Congress had adopted such a definition. That was error. The States' codes show why: when a legislature intends that rule, it enacts it. Here, Congress did not.

Second, the panel's construction will not stay within the federal system, and it will not be confined to presidential advisers. Section 192 is the model for legislative-contempt statutes across the country, and state courts construing those statutes look to the federal courts' construction of Section 192. The rule the panel applied governs every witness before Congress: the ordinary citizen who asserts a testimonial privilege, a constitutional objection, or a challenge to a committee's authority, and guesses wrong in good faith. The States have a substantial interest in ensuring that the mental-state element of that rule is settled correctly before their own courts apply it.

Review is warranted now. The Supreme Court granted certiorari on this question in *Bannon v. United States*, but it vacated and remanded without reaching the merits after the government moved to dismiss that prosecution. 146 S. Ct. 2155 (2026) (mem.). This case squarely presents the question.

## ARGUMENT

### I. *Licavoli* Reads into Section 192 a Definition of "Willfully" That Congress Never Enacted.

#### A. When a Legislature Intends "Willfully" to Require Only an Intentional Act, It Typically Says So Expressly.

The rule the panel applied is a familiar one. Under *Licavoli*, "willfully" in Section 192 requires only a "deliberate, intentional failure, without more." 294 F.2d at 208. That rule is not wrong as a rule of criminal law. Indeed, it is the law in Oklahoma and in several other States. But it is the law in those States because their legislatures expressly enacted it, not because their courts inferred it from silence.

Oklahoma's first codifiers provided that "[t]he term 'willfully' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." Okla. Stat. tit. 21, § 92 (first enacted as R.L. 1910, § 2819). California adopted the same definition, Cal. Penal Code § 7(b)(1), and its courts apply it as written. *See People v. Lowery*, 257 P.3d 72, 77 (Cal. 2011). So did Idaho. Idaho Code § 18-101(1); *see State v. Hall*, 413 P.2d 685, 692 (Idaho 1966). And these definitions continue to govern.

5

Earlier this year, the Oklahoma Court of Criminal Appeals "explicitly adopt[ed] the definition of willfulness in 21 O.S.2021, § 92" as the mens rea for a state offense, observing that the definition "has been on the books in Oklahoma since 1910" and repeating the gloss the court gave it more than a century ago: willfully is "a synonymous term with 'intentionally,' 'designedly,' 'without lawful excuse'—that is, not accidentally." *Terry*, 2026 OK CR 10, ¶¶ 7, 15 (quoting *Miller v. State*, 130 P. 813, 815 (Okla. Crim. App. 1913) (quoting *O'Barr v. United States*, 105 P. 988, 989 (Okla. Crim. App. 1909)); *see also Terry v. Drummond*, No. 24-6046, 2026 WL 2164884, at *6–7 (10th Cir. July 28, 2026).

Nor is that definition the only form this legislative choice takes. States that adopted the Model Penal Code made the same choice in different words: by statute, knowing conduct satisfies a willfulness requirement, and knowledge that conduct is unlawful is an element only where the offense says so. 18 Pa. Cons. Stat. § 302(g), (h); *accord* Model Penal Code § 2.02(8)–(9); 720 Ill. Comp. Stat. 5/4-5, 5/4-3(c); *see also* Colo. Rev. Stat. § 18-1-501(6) (equating "willfully" with "knowingly"). In either form, the legislature has said in plain terms that the defendant's understanding of the law is immaterial.

6

The relevance of these codes is straightforward. When a legislature intends "willfully" to require nothing more than an intentional act, it says so. A codified definition displaces any contrary judicial presumption; that is the reason it is enacted. *See Stenberg v. Carhart*, 530 U.S. 914, 942 (2000) ("When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning."). But where the legislature has not spoken, a court must determine the meaning of "willfully" through the ordinary tools of statutory construction. It should not simply assume that the legislature adopted that definition without saying so.

## B. Congress Enacted No Definition in Section 192, and the Supreme Court's Modern Decisions Supply the Default.

Congress has never defined "willfully" for purposes of Section 192. This Court supplied a definition in 1961, holding that "[e]vil motive is not a necessary ingredient of willfulness" and that a "deliberate, intentional failure, without more," suffices. *Licavoli*, 294 F.2d at 208. *Licavoli* rested on *Sinclair v. United States*, 279 U.S. 263 (1929), *overruled in part on other grounds by United States v. Gaudin*, 515 U.S. 506 (1995), and *United States v. Bryan*, 339 U.S. 323 (1950), both decided decades earlier.

The Supreme Court's more recent decisions point the other way. "As

7

a general matter, when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.'" *Bryan*, 524 U.S. at 191; *see also Ratzlaf v. United States*, 510 U.S. 135, 137 (1994); *Cheek v. United States*, 498 U.S. 192, 200–01 (1991). Appellant develops the conflict between that general rule and *Licavoli*, *see* Pet. 8–13, and amici will not repeat the analysis here. Amici instead emphasize what the conflict looks like from the States' side of the federal system. "Willfully" presumptively separates the defendant who knowingly flouts the law from the one who honestly misjudges it. That separation matters most where the legality of the underlying conduct turns on questions trained lawyers dispute. *Cf. Bryan*, 524 U.S. at 194. And that situation is not unique to presidential advisers or to executive privilege. Section 192 applies to "[e]very person" summoned, 2 U.S.C. § 192, and its state counterparts apply to every witness called before a state legislative committee. The witness who asserts a spousal privilege, a First Amendment objection, or a challenge to a committee's jurisdiction, and who turns out to be wrong, stands in the same position as the defendant here. Nothing in the text or history of Section 192 suggests that Congress intended to punish that witness for an honest mistake of law.

The States' experience confirms that this is how the enacted-or-default distinction operates in practice. Where no codified definition exists, state courts confronting comparable offenses have read "willfully" the way the Supreme Court's modern decisions read it. The Connecticut Supreme Court has adopted the federal framework and held that "willfully" in that State's campaign-finance laws requires knowledge that the conduct was unlawful. *State v. Newton*, 194 A.3d 272, 280–81, 283–87 (Conn. 2018). The Iowa Supreme Court requires proof of a voluntary and intentional violation of a known legal duty for offenses that are wrong only because prohibited. *State v. Tippett*, 624 N.W.2d 176, 178 (Iowa 2001); *State v. Azneer*, 526 N.W.2d 298, 299–300 (Iowa 1995). And New York's high court reads the undefined term the same way: awareness that one's conduct is illegal "is normally embodied in the term 'willfully.'" *Gormley v. N.Y. State Ethics Comm'n*, 900 N.E.2d 943, 946 (N.Y. 2008) (citing *Bryan*, 524 U.S. at 193); *see People v. Coe*, 522 N.E.2d 1039, 1040–41 (N.Y. 1988). The line amici urge is the line these decisions already draw: the intentional-act-only meaning governs where a legislature has expressly enacted it, and the ordinary presumption governs where it has not.

9

To be clear, amici States do not contend that "willfully" carries the *Bryan* meaning in every criminal statute. Their own codes prove otherwise. The point is a narrower one. Where the legislature has defined the term, the definition controls. Where it has not, only the ordinary presumption remains. *Licavoli* applied the States' codified definition to an uncodified federal statute. The panel was bound by that holding, *see* Op. 34–35, and only the en banc Court may revisit it.

### C. The Question Is Recurring and Remains Open in the Supreme Court.

The question warrants the full Court's attention. This Court reaffirmed *Licavoli* two years ago over substantial disagreement. *United States v. Bannon*, 101 F.4th 16, 21 (D.C. Cir. 2024), *reh'g denied*, No. 22-3086, 2025 WL 1503223 (D.C. Cir. May 27, 2025) (Rao, J., joined by Henderson and Walker, JJ., dissenting; statement of Katsas, J.), *vacated*, 146 S. Ct. 2155 (2026) (mem.). The Supreme Court granted certiorari, vacated the judgment, and remanded without reaching the question after the government moved to dismiss that prosecution. The question therefore remains open in the Supreme Court, and this case squarely presents it. The anomaly, moreover, is now internal to this Court's own case law: this Court applies the *Bryan* default to other criminal statutes,

*see United States v. Burden*, 934 F.3d 675, 690–92 (D.C. Cir. 2019), while

*Licavoli* exempts Section 192 alone. Disputes over congressional

subpoenas arise in every administration, and each one carries the

potential for a Section 192 prosecution. *See Trump v. Mazars USA, LLP*,

591 U.S. 848, 859–61 (2020). The proper construction of the statute's

mental-state element is a question of exceptional importance. Fed. R.

App. P. 40(b)(2)(D).

## II.    The Structure of Legislative-Contempt Statutes Confirms That Criminal Liability Was Not Designed to Resolve Good-Faith Disputes over the Lawfulness of a Demand.

Legislative-contempt statutes have never punished the refusal of

an unlawful demand. Section 192's refusal-to-answer clause reaches only

questions "pertinent to the question under inquiry." 2 U.S.C. § 192. The

Supreme Court has enforced that limitation strictly, holding that a

witness is entitled to know the subject of the inquiry with the same

clarity that the Due Process Clause requires of any element of a criminal

offense. *Watkins v. United States*, 354 U.S. 178, 208–09 (1957); *see also*

*Quinn v. United States*, 349 U.S. 155, 165–66 (1955). And when a state

commission's equivocal handling of objections left witnesses to guess

whether answers were required, the Court held that to say they "willfully

and contumaciously refused to answer" in those circumstances "would deeply offend traditional notions of fair play." *Slagle*, <u>366 U.S. at 266</u>. Those safeguards reach only the witness who appears and is given "a clear-cut choice between compliance and noncompliance." *Quinn*, <u>349 U.S. at 166</u>. For the witness charged with default, "willfully" is the only safeguard the statute supplies—and the panel's construction empties it.

State statutes follow the same design. Oklahoma's legislative-contempt statute reaches only refusals to answer "material and proper" questions and to produce "material and proper" documents. Okla. Stat. tit. 21, § 311. And the accused in an indirect-contempt proceeding must be "notified in writing of the accusation" and, upon demand, is entitled to a trial by jury, *id.* § 567(A); and no punishment for contempt may be imposed "until an opportunity to be heard is given." Okla. Const. art. II, § 25. With a thin mens rea like Oklahoma's, these lawfulness elements do the separating work. In more than a century, neither provision has produced a reported prosecution.

These provisions reflect a common judgment. Contempt statutes punish defiance of lawful authority. They were not designed to resolve genuine disputes over whether a demand is lawful by imposing criminal

12

liability on the witness who guesses wrong in good faith. A construction of "willfully" that produces that result is difficult to square with the structure of Section 192 and its state counterparts. And because state courts will look to this Court's construction of Section 192 when they are called upon to construe their own statutes, the error will likely not remain a federal one. *See ASP, Inc.*, 174 So. 2d at 814–15. The en banc Court should grant review and settle the mental-state element of Section 192 before the panel's rule is exported into the law of the States.

## CONCLUSION

The petition for rehearing en banc should be granted.

Respectfully submitted,

/s/ Garry M. Gaskins, II
GENTNER F. DRUMMOND
  Attorney General of Oklahoma
GARRY M. GASKINS, II
  Solicitor General
  Counsel of Record
*Counsel for Amici Curiae*

13

## ADDITIONAL COUNSEL

STEVE MARSHALL
Attorney General
State of Alabama

AUSTIN KNUDSEN
Attorney General
State of Montana

JAMES UTHMEIER
Attorney General
State of Florida

MICHAEL T.
HILGERS
Attorney General
State of Nebraska

BRENNA BIRD
Attorney General
State of Iowa

ALAN WILSON
Attorney General
State of South Carolina

KRIS KOBACH
Attorney General
State of Kansas

KEN PAXTON
Attorney General
State of Texas

CATHERINE L. HANAWAY
Attorney General
State of Missouri

JOHN B. MCCUSKEY
Attorney General
State of West Virginia

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of <u>Federal Rule of Appellate Procedure 29(b)(4)</u> because it contains 2,593 words, excluding the parts of the brief exempted by <u>Federal Rule of Appellate Procedure 32(f)</u> and D.C. Circuit Rule 32(e)(1). This brief complies with the typeface and type-style requirements of <u>Federal Rule of Appellate Procedure 32(a)(5)</u>–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

<u>/s/ Garry M. Gaskins, II</u>
Garry M. Gaskins, II

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ Garry M. Gaskins, II
Garry M. Gaskins, II