No. 24-3006

In the United States Court of Appeals for the District of Columbia Circuit

———————

UNITED STATES OF AMERICA,
*Appellee,*
*v.*
PETER K. NAVARRO,
*Appellant.*

———————

On Appeal from the United States District
Court for the District of Columbia
(Crim. No. 1:22-cr-00200-APM)

———————

**THE OVERSIGHT PROJECT'S MOTION FOR LEAVE
TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF
APPELLANT'S PETITION FOR REHEARING *EN BANC***

———————

JEFFREY BOSSERT CLARK, SR.
JOSEPH E. SCHMITZ
The Oversight Project
2033 K Street, NW
Washington, D.C. 20006
Email: jeff@itsyourgov.org
joseph@itsyourgov.org
Phone: (202) 279-1396

1

## MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*

Pursuant to Federal Rules of Appellate Procedure 29(b)(2) and 29(b)(3), the Oversight Project respectfully moves for leave to file the accompanying brief as *amicus curiae* in support of Appellant Peter K. Navarro's petition for rehearing *en banc*. The proposed brief is attached. All parties consent to its filing. Because a nongovernmental *amicus* may file a brief at this stage "only by leave of court," Fed. R. App. P. 29(b)(2), the Oversight Project submits this motion.

**Movant's Interest.** The Oversight Project is a not-for-profit 501(c)(4) organization dedicated to preserving American freedom by ensuring that government both is and remains responsible, accountable, and transparent. Its work concerns the constitutional allocation of authority among the branches and the fair administration of the statutes Congress has enacted to enforce its own investigative prerogatives. The question the panel decided — what *mens rea* the word "willfully" in 2 U.S.C. § 192 requires — implicates both concerns directly. Section 192 is the instrument by which congressional subpoenas are enforced against private citizens and Executive Branch officials alike, and the scienter it demands determines how much room remains for good-faith assertions of privilege, for accommodation between the political branches, and for citizens confronting legal obligations that are novel and contested. The

Oversight Project's focused interest lies in the construction of Section 192 that this Court's precedent would leave in place if not reheard and replaced. *See* Fed. R. App. P. 29(a)(3)(A).

**Why an *Amicus* Brief Is Desirable and Why the Matters Asserted Are Relevant to the Disposition of the Case.** The proposed brief develops four matters that the panel opinion and the parties' filings do not fully address, each of which bears on the criteria governing rehearing *en banc*. *See* Fed. R. App. P. 29(a)(3)(B), 40(b)(2).

*First*, the brief measures *Licavoli v. United States*, 294 F.2d 207 (D.C. Cir. 1961), against the full arc of the Supreme Court's willfulness decisions, both those predating and those postdating it. The tension is not confined to modern authority such as *Cheek v. United States*, 498 U.S. 192 (1991), and *Ratzlaf v. United States*, 510 U.S. 135 (1994); it extends to the very decisions *Licavoli* itself cited — *United States v. Murdock*, 290 U.S. 389 (1933), *Spies v. United States*, 317 U.S. 492 (1943), and *Screws v. United States*, 325 U.S. 91 (1945). That *Licavoli* stood in tension with governing law on the day it issued is material to whether the full Court should now revisit it.

*Second*, the brief addresses Congress's textual choice to include "willfully" in the default clause of Section 192 while omitting it from the refusal clause, and explains why *Licavoli*'s contrary conclusion that "the elements of

intent are the same in both cases" cannot be reconciled with *Russello v. United States*, 464 U.S. 16 (1983). It identifies several additional canons of construction — including both lenity and *Russello*'s meaningful-variation canon — that point in the same direction.

*Third*, the brief explains the limits of *Sinclair v. United States*, 279 U.S. 263 (1929), on which the panel principally relied. The defendant there refused to answer questions—conduct governed by the clause of Section 192 that does not contain the word "willfully."

*Fourth*, the brief addresses the separation-of-powers dimension of the panel's holding in light of *Trump v. United States*, 603 U.S. 593 (2024).

Because *Licavoli* binds every panel of this Court and dictated the result below, only the *en banc* Court can address these arguments. *Amicus* participation is accordingly of particular use at this stage, when the Court is deciding whether to hear the case *en banc* rather than how to resolve it.

**Compliance and Disclosure.** The accompanying brief complies with the 2,600-word limit of Fed. R. App. P. 29(b)(4) and with the content requirements of Fed. R. App. P. 29(a)(4) and D.C. Circuit Rule 29. No party's counsel authored the proposed brief in whole or in part; no party or party's counsel contributed money intended to fund its preparation or submission; and no person other than The Oversight Project, its members, and its counsel

4

contributed money intended to fund its preparation or submission. Fed. R. App. P. 29(a)(4)(E). The Oversight Project has no parent entity, and no entity holds an ownership interest in it greater than 10 percent.

**Timeliness.** Appellant filed his petition for rehearing *en banc* on August 4, 2026. This Motion and the accompanying Brief are filed within seven days of that petition and are therefore timely. Fed. R. App. P. 29(b)(5).

For the foregoing reasons, The Oversight Project respectfully requests that the Court grant leave to file the accompanying brief as *amicus curiae* in support of Appellant's petition for rehearing *en banc*.

Dated: August 11, 2026                    Respectfully submitted,

                                          */s/ Jeffrey Bossert Clark, Sr.*

                                          JEFFREY BOSSERT CLARK, SR.
                                          JOSEPH E. SCHMITZ
                                          The Oversight Project
                                          2033 K Street, NW
                                          Washington, D.C. 20006
                                          Email: jeff@itsyourgov.org
                                          joseph@itsyourgov.org
                                          Phone: (202) 279-1396

5

## CERTIFICATE OF COMPLIANCE

This document complies with the length limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the portions exempted by Fed. R. App. P. 32(f), this document contains 773 words.

This document complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook typeface.

*/s/ Joseph E. Schmitz*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on this 11th day of August 2026, I caused to be filed the foregoing motion using this Court's Appellate CM/ECF system, which effected service on all parties.

*/s/ Joseph E. Schmitz*